UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>M. MAGAT, et al.,<br><br>    Defendants. | Case No. 14-cv-03608-HSG (PR)<br><br>**ORDER DENYING MOTION TO COMPEL DISCOVERY**<br><br>Re: Dkt. No. 52 |

On August 8, 2014, plaintiff, a prisoner incarcerated at the Nevada Southern Detention Center filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations at Santa Rita Jail and the Glenn E. Dyer Detention Facility, where he was housed as a federal pre-trial detainee. On November 24, 2014, the Court screened the complaint and ordered service on seven defendants. The Court ordered that discovery proceed in accordance with the Federal Rules of Civil Procedure. Dkt. No. 15. Plaintiff has filed a motion to compel discovery from third party Corizon Health, Inc. ("Corizon"). Dkt. No. 52.

Plaintiff fails to certify that he has fulfilled the meet and confer requirements under Rule 37(a)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 37-1(a). Before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so that they should seek the Court's intervention. *See* Fed. R. Civ. P. 37(a)(3)(B); N.D. Cal. Local Rule 37-1(b).

Because Plaintiff is incarcerated, he is not required to meet and confer with Corizon in person. Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to counsel for Corizon to that effect, offering them one last

opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery. Unless and until Plaintiff files the requisite certification demonstrating that he has conferred with counsel for Corizon, making known his intention to file a motion to compel, the Court will not interfere with discovery matters.

For these reasons, the motion to compel is DENIED without prejudice as premature.

This order terminates Docket No. 52.

**IT IS SO ORDERED.**

Dated:  September 21, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYLVESTER MOORE,

    Plaintiff,

v.

M. MAGAT, et al.,

    Defendants.

Case No. 14-cv-03608-HSG

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sylvester Moore ID: 16974-111 / F-3-13A
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

Dated: September 21, 2015

Susan Y. Soong
Clerk, United States District Court

By:_____
Nikki D. Riley, Deputy Clerk to the
Honorable HAYWOOD S. GILLIAM, JR.

3